**JUDGE CASTEL**

**13 CIV 3122**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

WARREN A. MCNISH,

           Plaintiff,

- against -

CITY OF NEW YORK,
POLICE OFFICER JOHN/JANE DOE(S)#'S 1-5

           Defendants.

---------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

*(RECEIVED MAY -9 2013 U.S.D.C. S.D.N.Y. CASHIERS)*

Plaintiff, WARREN A. MCNISH, by his attorneys, NASS & ROPER LAW, LLP, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff, WARREN A. MCNISH, seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about June 3rd, 2012, at approximately 1:00 a.m., at or near East 149th Street in the City of New York, and in the State of New York, Plaintiff was falsely arrested by Defendants including, but not limited to, POLICE OFFICER JOHN DOE(S) #'S 1-5. Plaintiff was assaulted by Defendants while being thrown against his vehicle and into the police vehicle. It is alleged that Defendants falsely arrested Plaintiff in violation of his constitutional rights. While in custody, Plaintiff was forced to return on August 11, 2012 when all charges were dismissed by the Court.

1

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3. Plaintiff at all times relevant hereto resided in New York, specifically 60 6th Avenue in the City of Nyack, and in the State of New York.

4. Defendant, CITY OF NEW YORK, (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendants, POLICE OFFICERS JANE/JOHN DOE(S) #'s 1-5 were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

6. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

7. On or about June 3rd, 2012, at approximately 1:00 a.m., at or near East 149th Street in the City of New York, and in the State of New York, Plaintiff, WARREN A. MCNISH, was driving his company-owned marked security vehicle to investigate a security breach at a company facility.

8. POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5 of Defendant CITY pulled Plaintiff over and approached the car. POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5 of Defendant CITY issued a citation for an unlawful left turn.

9. While POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5 was returning to the vehicle Defendant turned around and returned to Plaintiff and asked Plaintiff "do you want a piece of me?....you want a fucking piece of me?"

10. Plaintiff was shocked and perplexed by the statement and Defendant POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5 then demanded his license and stated that he was arresting Plaintiff.

11. Plaintiff was not given an opportunity to hand over his license as his door was opened and the Defendant POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5 requested backup. As Plaintiff was exiting the vehicle the Defendant POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5 made a menacing stance.

12. Plaintiff was thrown against the police vehicle numerous times and placed under arrest. Plaintiff asked numerous times why he was being placed under arrest but Defendant POLICE OFFICER JOHN/JANE DOE(S) #'S 1-5 did not respond.

3

13. Despite Plaintiff's pleas to be careful with how they treat his shoulder, Defendants nevertheless, handcuffed Plaintiff and threw him into the back of the police vehicle.

14. Plaintiff was brought to the precinct where he was fingerprinted and photographed and placed inside a cell.

15. Plaintiff was then transferred to Central Booking where he was transferred from holding cell to holding cell until finally being taken to a room where Plaintiff was subjected to an interrogation by a detective for approximately 20 minutes.

16. One of the detectives questioned why he was there and informed him that the charges would likely be "dropped" because they were "ridiculous."

17. Plaintiff was arraigned and released.

18. Plaintiff was forced to hire an attorney and all charges were dismissed on the following appearance on July 11, 2012.

19. That heretofore and on the 9th day of November, 2012, Plaintiff's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of Plaintiff, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

20. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

21. Paragraphs 1 through 20 of this complaint are hereby re-alleged and incorporated by reference herein.

22. That Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him for approximately one day.

23. That in detaining Plaintiff for approximately one day, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

24. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

25. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

26. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

27. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of

Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

28. By reason of the foregoing, Plaintiff suffered physical and mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

29. Paragraphs 1 through 28 are hereby re-alleged and incorporated by reference herein.

30. That the seizure, detention and imprisonment of Plaintiff was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

31. That Defendants intended to confine Plaintiff.

32. That Plaintiff was conscious of the confinement and did not consent to it.

33. That the confinement was not otherwise privileged.

34. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiff's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

35. That by reason of the foregoing, Plaintiff suffered physical and mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (MALICIOUS PROSECUTION)

36. Paragraphs 1 through 35 are hereby re-alleged and incorporated by reference herein.

37. That Defendants, with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that Plaintiff had committed no crime.

38. That the criminal matter against Plaintiff was terminated in his favor and the court dismissed all charges against him.

39. That there was no probable cause for the arrest and criminal proceeding.

40. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

41. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, Plaintiff was maliciously prosecuted despite the fact that he had committed no violation of the law.

42. That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

43. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not

7

be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

44. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

45. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

46. That upon information and belief, in 2012, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods.

47. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### VIII. FOURTH CAUSE OF ACTION
**Pursuant to State Law (MALICIOUS PROSECUTION)**

48. Paragraphs 1 through 47 are hereby re-alleged and incorporated by reference herein.

49. That Defendants acted with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that Plaintiff had committed no crime.

50. That the criminal matter was dismissed in Plaintiff's favor.

51. That there was no probable cause for the arrest and criminal proceeding.

52. Defendants knew or should have known that there was no likelihood of a conviction of Plaintiff.

53. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

54. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

55. Paragraphs 1 through 54 are hereby re-alleged and incorporated by reference herein.

56. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

57. That Defendants had no legal cause or reason to use excessive force in effectuating WARREN A. MCNISH's arrest.

58. That Defendants violated WARREN A. MCNISH's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

59. That at the time of the arrest, WARREN A. MCNISH did not pose a threat to the safety of the arresting officers.

60. That WARREN A. MCNISH was not actively resisting arrest or attempting to evade arrest.

61. That defendant CITY, through its officers, agents, and employees, unlawfully subjected WARREN A. MCNISH to excessive force while effectuating his arrest.

62. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

63. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of WARREN A. MCNISH's rights, subjected WARREN A. MCNISH to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

64. That upon information and belief, in 2012, defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

65. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

66. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

67. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of WARREN A. MCNISH's rights

alleged herein.

68. By reason of the foregoing, WARREN A. MCNISH suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
### Pursuant to State Law (EXCESSIVE FORCE)

69. Paragraphs 1 through 68 are hereby re-alleged and incorporated by reference herein.

70. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

71. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

72. That Defendants had no legal cause or reason to use excessive force in effectuating WARREN A. MCNISH's arrest.

73. That at the time of the arrest, WARREN A. MCNISH did not pose a threat to the safety of the arresting officers.

74. That WARREN A. MCNISH was not actively resisting arrest or attempting to evade arrest.

75. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

76. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of WARREN A. MCNISH's rights, subjected WARREN A. MCNISH to excessive

11

force while effectuating his arrest, in violation of the laws of the State of New York

77. By reason of the foregoing, WARREN A. MCNISH suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## XI. SEVENTH CAUSE OF ACTION
### Pursuant to State Law (ASSAULT and BATTERY)

78. Paragraphs 1 through 77 are hereby re-alleged and incorporated by reference herein.

79. That Defendants intended to cause harmful bodily contact to WARREN A. MCNISH.

80. That defendant Defendants, in a hostile manner voluntarily caused WARREN A. MCNISH'S injuries.

81. That Defendants contact with WARREN A. MCNISH constituted a battery in violation of the laws of the State of New York.

82. That by reason of the foregoing, WARREN A. MCNISH suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## XII. EIGHTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

83. Paragraphs 1 through 82 are hereby re-alleged and incorporated by reference herein.

84. That Defendants were acting in furtherance of the duties owed to their employer, Defendant CITY.

85. That at all times Defendants were acting within the scope of their employment.

86. That Defendant CITY was able to exercise control over Defendants activities.

87. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior.

88. By reason of the foregoing, Plaintiff suffered mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;
2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;
3. Awarding Plaintiff interest from June 3rd, 2012; and
4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and
5. Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
May 2, 2013

Yours, etc.

_____
EVAN H. NASS
*ATTORNEY FOR PLAINTIFF*
NASS & ROPER LAW, LLP
14 PENN PLAZA, SUITE 2004
NEW YORK, NEW YORK 10122

## **ATTORNEY'S VERIFICATION**

EVAN H. NASS, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, WARREN A. MCNISH. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:    New York, New York
          May 2, 2013

                                                          _____
                                                          EVAN H. NASS, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WARREN A. MCNISH,

                              **Plaintiff,**

-- against --

CITY OF NEW YORK, ET AL.

                              **Defendants.**

## SUMMONS & VERIFIED COMPLAINT

**NASS & ROPER LAW, LLP**
*Attorneys for Plaintiff*
**WARREN A. MCNISH**
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246[*]

---

[*] Not for service of papers.